## P. McDonnell, Defendant in Error, v. Fitzpatrick Brothers, Plaintiff in Error.

### Gen. No. 17,457.

MUNICIPAL COURT—*conformity of pleadings and proof.* Under rule 17 of the Municipal Court defendant is confined to defenses specifically set out in affidavit of merits, and in an action for veterinary services evidence of malpractice is not admissible where the defense set forth is breach of warranty.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 3, 1912.

QUIN O'BRIEN and O. A. ARNSTON, for plaintiff in error.

EDWARD J. HENNESSY and JOHN F. ROSEN, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This case was tried before the court upon a statement of claim for money due for veterinary services and medicines furnished by plaintiff for certain horses belonging to defendant, and an affidavit of defense which stated in substance that defendant permitted the plaintiff to render such services and administer such medicines only because of his representations that such medicines would cure said horses and render them immune from disease for a certain period, and were guaranteed so to do; that such representations were false, and the horses were not cured nor so rendered immune, but took sick and died as a result of the use of the medicines which plaintiff knew or should have known were dangerous. The court found for the plaintiff on these issues, and gave judgment for $200.

Under Rule 17 of the Municipal Court, the defendant was confined to such defenses as were specifically set out in its affidavit of merits. The legal defense such affidavit attempts to set forth is that of a breach of warranty and not malpractice. Taking this view, the court properly ruled that evidence merely tending to show malpractice was irrelevant to the issues formed. But there is little ground for the complaint made of such rulings. While evidence of that character was at times excluded, mostly on cross-examination of plaintiff's witnesses, the defendant was given full latitude in introducing evidence relating to the character of treatment, the nature of medicines, their probable effect, the condition of the horses, and most that was previously rejected as proof of malpractice. It is unnecessary to review each ruling in detail. The evidence considered and excluded would hardly have warranted a different finding. We have thoroughly examined the whole record and while the court's rulings were to some extent contradictory we are of the opinion that the judgment is not contrary to the law and the evidence, and did not result from substantial errors affecting the matters at issue between the parties. Par. 7, sec. 23, Municipal Court Act.

The judgment is affirmed.

*Affirmed.*